Slip Op 99 - 65

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                :
NEC HOME ELECTRONICS, LTD. and                  :
NEC TECHNOLOGIES, INC.,                          :
                                                :
           Plaintiff,                           :
                                                :
         v.                                      :      **Before: MUSGRAVE, JUDGE**
                                                :
UNITED STATES OF AMERICA,                        :      Court No. 89-09-00535
                                                :
           Defendant,                           :
                                                :
ZENITH ELECTRONICS CORP.,                        :
                                                :
           Defendant-Intervenor.  :
_____:

[Final Results of U.S. Department of Commerce sustained]

Decided: July 21, 1999

     *Paul, Weiss, Rifkind, Wharton & Garrison* (*Robert E. Montgomery*, *Jr.*, *Robert P. Parker*, and *David J. Weiler*) for the plaintiffs.

     *David W. Ogden*, Acting Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (*Lucius B. Lau*); of counsel: *Rina Goldenberg*, Office of the Chief Counsel for Import Administration, Office of the General Counsel, United States Department of Commerce, for the defendant.

     *Law Offices of Frederick L. Ikenson, P.C.* (*Frederick L. Ikenson*), for the defendant-intervenor.

## OPINION

     Plaintiffs ("NEC") initiated this suit in 1989 to challenge *Television Receivers, Monochrome and Color, from Japan: Final Results of Antidumping Duty Administrative Review and Determination Not to Revoke in Part*, 54 Fed. Reg. 35517 (August 28, 1989) and the calculation of antidumping duty margins therein by the United States Department of Commerce ("Commerce"). This *Determination* was based on a consolidation of the fifth, sixth, seventh, and eighth administrative reviews (the periods April 1, 1980 through February 28, 1987) of the outstanding antidumping duty order addressed to NEC and certain other Japanese electronics manufacturers. *See* 36 Fed.Reg. 4597 (March 10, 1971). The proceedings to this

point in the case are detailed in *NEC Home Electronics, Ltd. v. United States*, 18 CIT 336 (1994), *NEC Home Electronics, Ltd. v. United States*, 54 F.3rd 736 (Fed. Cir. 1995), *NEC Home Electronics v. United States*, 19 C.I.T. 1283 (1995), and *NEC Home Electronics, Ltd. v. United States*, 22 CIT ___, 3 F.Supp.2nd 1451 (1998), the latest of which remanded to Commerce for recalculation of the foreign market value ("FMV") of NEC television receivers based on "data that NEC provided in establishing a market price based upon its sales to related parties in home market plus the additions imposed by the Japanese government pursuant" to the Japanese Commodities Tax and in accordance with the "proper standard" set forth by the Court of Appeals for the Federal Circuit.  3 F.Supp.2nd at 1456.

The Court has now before it Commerce's Final Results of Redetermination ("Final Results"), which will be sustained if it is supported by substantial evidence on the record and is otherwise in accordance with law. 19 U.S.C. §1516a(b)(1)(B) (1994).  The Final Results evince the following duty margins for NEC television receivers, monochrome and color (at page 9):

| Review Number | Period of Review | Margin (Percent) |
|---------------|------------------|------------------|
| 5 | 4/1/83 - 3/31/84 | 2.20 |
| 6 | 4/1/84 - 2/28/85 | 1.75 |
| 7 | 3/1/85 - 2/28/86 | 2.55 |
| 8 | 3/1/86 - 2/28/87 | 25.83 |

The Final Results also state that a preliminary draft was circulated to all parties for comment on October 16, 1998.  NEC submitted comments on November 18, 1998, and Commerce addressed these to NEC's apparent satisfaction, since NEC's only comments to the Court are that "Commerce has accepted substantially all of NEC's proposed changes to the draft remand determination" and that "NEC has no objections to Commerce's second remand determination."  Plaintiff's Comments on the Department of Commerce's Second Remand Determination at 2.  The defendant and defendant-intervenor indicated no desire to comment upon or challenge the Redetermination results or methodology.

In view of the foregoing, the Court sustains Commerce's Final Results of Redetermination as supported by substantial record evidence.  Judgment will enter accordingly.


Dated:  July 21, 1999                                   _____
      New York, New York                                   R. KENTON MUSGRAVE, JUDGE